UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| KENNETH BANKSTON, | ) | |
| Plaintiff, | ) ) | Civil Action No. 09-191-JMH-CJS |
| v. | ) ) | |
| NANCY DOOM, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on the Report and Recommendations of Magistrate Judge Candace J. Smith [Record No. 13]. Said action was referred to the magistrate for the purpose of reviewing the merit of Respondent's Motion to Dismiss or, Alternatively, for Summary Judgment [DE 10] Bankston's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [DE 1]. The Magistrate Judge considered those pleadings, as well as Bankston's Response [DE 11], styled "Summarized Facts in Support of Writ of Habeas Corpus."

Bankston's Petition alleges that his claims of a Fourth Amendment violation were not properly litigated during his criminal proceedings in state court, in which he was accused of robbery in the second degree, theft by unlawful taking over $300, two counts of fraudulent use of a credit card over $100, and being a persistent felony offender in the second degree. Specifically, he moved to suppress the introduction of any evidence seized at the time of his arrest and any subsequent statements that he made to officers. Following a hearing, the Fayette

Circuit Court denied his motion to suppress.  He then entered a conditional guilty plea to robbery in the second degree, theft by unlawful taking over $300, two counts of criminal facilitation/fraudulent use of the credit card under $100, and being a persistent felony offender in the second degree and was sentenced to a ten-year term of imprisonment.  He appealed the denial of his motion to suppress to the Kentucky Court of Appeals, which affirmed the decision fo the Fayette Circuit Court.  His motion for discretionary review was denied by the Kentucky Supreme Court.  In his Petition before this Court, he maintains that his arrest and the incidental search which occurred thereafter were in violation of the Fourth Amendment.

Having considered Defendant's Motion to Dismiss and the Petition, itself, the Magistrate Judge concluded that Petitioner Bankston's request for relief is barred by the teaching of *Stone v. Powell*, 428 U.S. 465 (1976).  As she explains, there existed a state procedural mechanism which, in the abstract, presented Bankston with an opportunity to raise his Fourth Amendment claim, and there is no suggestion that his "presentation of [his] claim was in fact frustrated because of a failure of that mechanism."  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).

Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge."  28 U.S.C. § 636.  However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Consequently, this Court adopts the reasoning set forth in the Report and Recommendation as its own.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 13] shall be, and the same hereby is, **ACCEPTED** and **ADOPTED**;

(2) that Respondent's Motion to Dismiss or, Alternatively, for Summary Judgment [DE 10] is **GRANTED**;

(3) that Bankston's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [DE 1] is **DENIED**; and

(4) that no Certificate of Appealability shall issue with respect to this matter.

This is the 28th day of July, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge